**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOOTHWYN PHARMACY, LLC,
BPI HOLDING GROUP, LLC,
L&B BUSINESS HOLDINGS, INC.,

             Plaintiffs,

      v.

THE HANOVER INSURANCE GROUP
and
CITIZENS INSURANCE COMPANY,

             Defendants.

Civil Action No.

**18    2364**

**FILED**

**JUN 06 2018**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## NOTICE OF REMOVAL

Defendants The Hanover Insurance Company ("Hanover") (incorrectly named in the Complaint as "The Hanover Insurance Group") and Citizens Insurance Company of America ("Citizens") (incorrectly named as "Citizens Insurance Company"), hereby give notice to this Honorable Court and to Plaintiffs Boothwyn Pharmacy, LLC ("Boothwyn"), BPI Holding Group, LLC ("BPI"), and L&B Holding Group, Inc. ("L&B") (collectively, "Plaintiffs") of the removal of Plaintiffs' action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Hanover and Citizens state as follows:

1.     On April 30, 2018, Plaintiffs filed a Complaint against Hanover and Citizens in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.     The lawsuit arises out of a dispute over insurance coverage for property damage Plaintiffs sustained at a commercial property located at 221 and 222 Gale Lane, Kennett Square,

Pennsylvania, allegedly as a result of two separate storms occurring on October 29, 2017 and November 7, 2017. *See* Exhibit A at ¶¶ 18-42.

3.      The Complaint asserts causes of action against Defendants for breach of contract (Count I) and insurer bad faith under 42 Pa. C.S. § 8371 (Count II), arising out of the denial of coverage for Plaintiffs' insurance claim.

## I.      THIS COURT HAS ORIGINAL JURISDICTION

4.      Pursuant to 28 U.S.C. § 1441, cases over which federal district courts have original jurisdiction may be removed by defendants to the federal district court embracing the place where such action is pending.

5.      This Court has original jurisdiction over lawsuits in which:  (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Both conditions for original jurisdiction are met here.

### A.      The Parties are Citizens of Different States

6.      The parties to this action are diverse, because Plaintiffs and Defendants are citizens of different states. 28 U.S.C. § 1332(a)(1).

7.      Plaintiff Boothwyn is a Delaware limited liability company with its principal place of business located at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19348 (the site of the subject property damage). Exhibit A (Complaint) at ¶ 5.

8.      Plaintiff BPI also is a Delaware limited liability company with its principal place of business located at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19348. *Id.* at ¶ 6.

9.      Plaintiff L&B is a Pennsylvania corporation with its principal place of business at 2341 Chichester Avenue, Boothwyn, Pennsylvania 19061. *Id.* at ¶ 7. L&B also allegedly "conducts business at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19438." *Id.* at ¶ 8.

2

10.     Plaintiffs have incorrectly named "Citizens Insurance Company" as a defendant in this matter. There is no legal entity called "Citizens Insurance Company." Rather, it appears Plaintiffs intended to sue "Citizens Insurance Company of America," which is a Michigan corporation with its principal place of business in Howell, Michigan. *Id.* at ¶ 10. Citizens Insurance Company of America issued the insurance policy at issue in this lawsuit.

11.     Plaintiffs also incorrectly named "The Hanover Insurance Group" as a defendant in this matter. There is no legal entity called "The Hanover Insurance Group." Rather, it appears that the entity Plaintiffs intended to sue is The Hanover Insurance Company, which is the parent entity of Citizens Insurance Company of America (the entity that issued the insurance policy at issue in this lawsuit).

12.     The Hanover Insurance Company employs the individuals who communicated with Plaintiffs regarding the property damage claim at issue, including with respect to issuing the reservation of rights letter referenced in the Complaint (Exhibit A at ¶ 45) and the denial of coverage (*id.* at ¶ 75).

13.     Hanover is not a citizen of Pennsylvania, but is a New Hampshire corporation with its principal place of business in Worcester, Massachusetts. *Id.* at ¶ 9.

14.     Although the Defendants are incorrectly named in the Complaint, Plaintiffs were correct with respect to the principal place of business of the Defendants, and even as alleged in the Complaint, there is complete diversity in this matter between Plaintiffs and Defendants.

**B.      The Amount in Controversy Exceeds $75,000**

15.     The Complaint establishes that the amount in controversy exceeds $75,000.

16.     To determine whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the Court must measure the amount not by the low end of an

3

open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

17.     A lawsuit "will be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount" of \$75,000. *Hook v. Progressive Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 68985, at \*5 (M.D. Pa. Aug. 18, 2008) *(following Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004)); *see also Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) *(citing Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)) ("[A] case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of \$75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover \$75,000 – a substantially different standard.").

18.     Here, Plaintiffs allege that on two separate dates, the insured properties at 221 and 222 Gale Lane experienced damage to their roofs, walls, and windows, as well as extensive water damage and damage to personal property. Exhibit A at ¶¶ 20, 38-39.

19.     Plaintiffs also allegedly suffered harm to their business, including lost profits, loss of business income, and increased business costs. *Id.* at ¶¶ 33, 39.

20.     The property at 222 Gale Lane allegedly suffered damage in excess of \$600,000. *Id.* at ¶ 28.

21.     The property at 221 Gale Lane allegedly suffered damage in excess of \$250,000. *Id.* at ¶ 40.

22.     Plaintiffs allegedly submitted the full amount of these claims for coverage under a policy of insurance issued by Citizens, and Plaintiffs seek to recover the full amount here. *Id.* at ¶¶ 86-92.

4

23.     Plaintiffs also seek to recover interest, court costs, attorneys' fees, and punitive damages under Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371. Exhibit A at ¶ 98.

24.     If Plaintiffs were to prevail on the causes of action asserted in Counts I and II, they plainly may recover damages that may be well in excess of the $75,000 jurisdictional threshold.

25.     As a result, the amount in controversy requirement for diversity jurisdiction is satisfied.

## II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

26.     To properly remove a case from state court to federal court, the removing party must (a) file a notice of removal in federal court within 30 days of service; and (b) file a notice of filing of notice of removal in state court. 28 U.S.C. § 1446(b) and (d). Both conditions are met here.

27.     Defendants were served with Plaintiffs' Complaint on May 7, 2018. *See* Docket Sheet noting Affidavit of Service filed in state court attached hereto as Exhibit B.

28.     Accordingly, Defendant's Notice of Removal is timely if it is filed by June 6, 2018.

29.     Because Defendants have filed this Notice of Removal within 30 days of service, removal is timely per 28 U.S.C. § 1446(b).

30.     A true and correct copy of all pleadings served upon Defendants in the state court action is attached to this Notice as Exhibit A in accordance with 28 U.S.C. § 1446(a).

31.     As required by 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing of Notice of Removal with the Court of Common Pleas of Philadelphia County, Pennsylvania promptly after filing this Notice of Removal.

5

WHEREFORE, Defendants give notice that Plaintiffs' action against Defendants in the

Court of Common Pleas of Philadelphia County, Pennsylvania is removed to this Court.

Dated:  June 5, 2018                              Respectfully submitted,

                                                  HOUSTON HARBAUGH, P.C.

                                                  By:

                                                  Henry M. Sneath, Esquire
                                                  PA I.D. #40559
                                                  sneathhm@hh-law.com
                                                  Three Gateway Center
                                                  401 Liberty Avenue, 22nd Floor
                                                  Pittsburgh, PA  15222
                                                  Telephone:  412.288.4013
                                                  Facsimile:    412.281.4499
                                                  *(Counsel for Defendants The Hanover*
                                                  *Insurance Company (incorrectly named as The*
                                                  *Hanover Insurance Group) and Citizens*
                                                  *Insurance Company of America (incorrectly*
                                                  *named as Citizens Insurance Company))*

**LABLETTA & WALTERS LLC**
**BY: CHRISTIAN P. LABLETTA, ESQ.**
**ATTORNEY ID: 90545**
**200 BARR HARBOR DRIVE, SUITE 400**
**CONSHOHOCKEN, PA 19428**
**(610) 828-3339**

**ATTORNEY FOR PLAINTIFFS**

Filed and Attested by the
Office of Judicial Records
30 APR 2018 03:35 pm
E. KRIMSKY

----------------------------------------------------

BOOTHWYN PHARMACY, LLC,
BPI HOLDING GROUP, LLC,
L&B BUSINESS HOLDINGS, INC.
221 and 222 Gale Lane
Kennett Square, PA  19348
              Plaintiffs

    v.

THE HANOVER INSURANCE GROUP
440 Lincoln Street
Worcester, MA  01653

and

CITIZENS INSURANCE COMPANY
808 North Highlander Way
Howell, MI  48843
              Defendants

    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

April Term 2018
No.

Major Case
JURY TRIAL DEMANDED

----------------------------------------------------

## NOTICE TO DEFEND

<div style="display:flex">

### NOTICE

**You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**

</div>

Case ID: 180404704

DEFENDANT'S
EXHIBIT
A

PENGAD 800-631-6989

LABLETTA & WALTERS LLC                  **ATTORNEY FOR PLAINTIFFS**
BY: CHRISTIAN P. LABLETTA, ESQ.
ATTORNEY ID: 90545
200 BARR HARBOR DRIVE
SUITE 400
CONSHOHOCKEN, PA 19428
(610) 828-3339

------------------------------------------------------------

|  |  |  |
|---|---|---|
| BOOTHWYN PHARMACY, LLC, | : | PHILADELPHIA COUNTY |
| BPI HOLDING GROUP, LLC, | : | COURT OF COMMON PLEAS |
| L&B BUSINESS HOLDINGS, INC. | : | CIVIL TRIAL DIVISION |
| 221 and 222 Gale Lane | : | |
| Kennett Square, PA  19348 | : | |
| Plaintiffs | : | |
| | : | April Term 2018 |
| v. | : | No. |
| | : | |
| THE HANOVER INSURANCE GROUP | : | |
| 440 Lincoln Street | : | Major Case |
| Worcester, MA  01653 | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| CITIZENS INSURANCE COMPANY | : | |
| 808 North Highlander Way | : | |
| Howell, MI  48843 | : | |
| Defendants | : | |

------------------------------------------------------------

## COMPLAINT

### INTRODUCTION

1.      This is a civil action lawsuit brought by the insureds, Boothwyn Pharmacy, LLC,

BPI Holding Group, LLC, and L&B Business Holdings, Inc. to seek redress against their insurers,

The Hanover Insurance Group and Citizens Insurance Company for breach of contract and bad

faith pursuant to 42 Pa.C.S.A. § 8371.

### JURISDICTION

2.      The jurisdiction of this Court is predicated upon 42 Pa.C.S.A. § 931.

3.     Venue is proper pursuant to Pa.R.Civ.P. 1006 and Pa.R.Civ.P. 2179.

4.     Venue is proper in Philadelphia County, since The Hanover Insurance Group and Citizens Insurance Company regularly conduct business in Philadelphia County.

<div align="center">**PARTIES**</div>

5.     Plaintiff, Boothwyn Pharmacy, LLC ("Boothwyn Pharmacy") is a Delaware limited liability company with its principal place of business located at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19348.

6.     Plaintiff, BPI Holding Group, LLC ("BPI Holding") is a Delaware limited liability company with its principal place of business located at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19438.

7.     Plaintiff, L&B Business Holdings, Inc. ("L&B Holdings") is a Pennsylvania corporation with its principal place of business located at 2341 Chichester Avenue, Boothwyn, Pennsylvania 19061.

8.     L&B Holdings also conducts business at 221 and 222 Gale Lane, Kennett Square, Pennsylvania 19438.

9.     Defendant, The Hanover Insurance Group ("Hanover") is a Massachusetts corporation with its principal place of business located at 400 Lincoln Street, Worcester, Massachusetts 01653.

10.    Defendant, Citizens Insurance Company ("Citizens"), is a Michigan corporation with its principal place of business at 808 North Highland Way, Howell, Michigan 48843.

11.    Hanover and Citizens are insurance companies that regularly conduct business and issues insurance policies in Pennsylvania, including Philadelphia County.

Case ID: 180404704

12.     Hanover and Citizens issued a policy of insurance to Boothwyn Pharmacy, BPI Holding, and L&B Holdings.

13.     Boothwyn Pharmacy, BPI Holding and L&B Holdings are collectively referred herein as "Boothwyn Pharmacy."

## FACTS

14.     Boothwyn Pharmacy is an accredited pharmacy specializing in serving custom sterile and non-sterile compounded human and veterinary products.

15.     Boothwyn Pharmacy operates its business, which includes research, production, compounding, and shipping of such products, from a property located at 221 and 222 Gale Lane, Kennett Square, Pennsylvania (the "Insured Properties").

16.     Hanover and Citizens issued a policy of commercial insurance to Boothwyn Pharmacy to cover its Insured Properties as well as its contents or personal property.

17.     The commercial insurance policy also provided other coverages, including but not limited to loss of business income and/or lost profits.

### The October 29, 2017 Storm Event

18.     On or about October 29, 2017, a severe and intense storm with intense wind and heavy rains hit the Kennett Square area, including the area of the Insured Properties.

19.     As a result of the severe and intense storm, the Insured Properties were severely damaged.

20.     Specifically, both 221 and 222 Gale Lane, experienced damage to their roofs, walls, windows, as well as extensive interior damage, including personal property inside the Insured Properties.

Case ID: 180404704

21.     At the time of the storm event on October 29, 2017, the roof of 222 Gale Lane was in the process of being replaced.

22.     The roof was secured with a tarp by a professional contractor, who properly and appropriately covered the roof, protecting the interior of 222 Gale Lane.

23.     Despite the reasonable and appropriate efforts made by the contractor to secure and cover the roof of 222 Gale Lane, the severe and intense storm destroyed and removed the tarp as well as other areas of the roof which were not covered by the tarp, causing water to enter the interior of 222 Gale Lane and result in extensive damages.

24.     In addition, due to the severe and intense storm on October 29, 2017, water from the heavy rains penetrated the windows and walls of 222 Gale Lane.

25.     The roof and walls of 222 Gale Lane suffered extensive damage from the severe and intense storm on October 29, 2017, which allowed water to enter the interior of 222 Gale Lane, causing damage to the interior of the property and the personal property.

26.     Due to the damage to the exterior and interior of 222 Gale Lane from the storm event on October 29, 2017, Boothwyn Pharmacy suffered not only a loss to its structure and personal property, but also suffered harm to its business, including but not limited to lost profits, loss of business income, and increased business costs.

27.     The damage to 222 Gale Lane from the October 29, 2017 storm, including the structure damage, interior damage, personal property damage, and harm to the business, constitutes covered losses pursuant to the insurance policy with Hanover and Citizens.

28.     The extent of the damage to 222 Gale Lane from the October 29, 2017 storm, including the structure damage, interior damage, personal property damage, and harm to the business are estimated to be in excess of $600,000.

29.     Not only did the October 29, 2017 storm cause extensive damage to 222 Gale Lane, but it also caused damage to 221 Gale Lane.

30.     The damage to 221 Gale Lane was a result of the storm event on October 29, 2017.

31.     The damage to 221 Gale Lane included damage to the structure, including the interior of the property, as well as damage to personal property.

32.     Specifically, the roof and walls of 221 Gale Lane suffered extensive damage from the severe and intense storm, which allowed water to enter the property and damage the interior of the property as well as the personal property.

33.     Due to the damage to the exterior and interior of 221 Gale Lane from the storm event on October 29, 2017, Boothwyn Pharmacy suffered not only a loss to its structure and personal property, but also suffered harm to its business, including but not limited to lost profits, loss of business income, and increased business costs.

34.     The damage to 221 Gale Lane from the October 29, 2017 storm, including the structure damage, interior damage, personal property damage, and harm to the business, constitutes covered losses pursuant to the insurance policy with Hanover and Citizens.

### The November 7, 2017 Storm Event

35.     Shortly thereafter, on or about November 7, 2017, a second weather event occurred, which also caused damage to 221 Gale Lane.

36.     On or about November 7, 2017, Boothwyn was having a professional contractor replace the gutters at 221 Gale Lane.

37.     While the professional contractor was replacing the gutters at 221 Gale Lane, heavy rains hit the Kennett Square area, including the area of Insured Properties.

Case ID: 180404704

38.     The heavy rains on or about November 7, 2017 penetrated the interior of 221 Gale Lane, causing damage to the interior of the property as well as to personal property.

39.     The damage to the interior of 221 Gale Lane from the November 7, 2017 loss resulted in damage to the exterior of the property, the interior of the property, including personal property, and resulted in harm to its business, including but not limited to lost profits, loss of business income, and increased business costs.

40.     The extent of the damage to 221 Gale Lane from the October 29, 2017 storm and the November 7, 2017 weather event, including the structure damage, interior damage, personal property damage, and harm to the business are estimated to be in excess of $250,000.

41.     The heavy rains on or about November 7, 2017 also caused damage to 222 Gale Lane.

42.     The damage to 221 and 222 Gale Lane from the storm, including the structure damage, interior damage, personal property damage, and harm to the business, constitutes covered losses pursuant to the insurance policy with Hanover and Citizens.

### The Insurance Claim

43.     Boothwyn Pharmacy submitted an insurance claim for damage to Hanover and Citizens as a result of the October 29, 2017 loss as well as the November 7, 2017 loss.

44.     Shortly after Boothwyn Pharmacy submitted the claim to Hanover and Citizens, Hanover and Citizens sent a reservation of rights letter to Boothwyn Pharmacy dated December 20, 2017.

45.     The reservation of rights letter states that "you are hereby notified that the Hanover Insurance Group under policy number ZBK-A793219 has elected to investigate a loss that occurred on November 7, 2017 at 221 and 222 Gale Lane, Kennett Square, Pa 19348."

46.     The reservation of rights letter dated December 20, 2017 is incorrect, erroneous and unreasonable.

47.     The reservation of rights letter dated December 20, 2017 is incorrect, erroneous, and unreasonable because it fails to cite the October 29, 2017 date of loss for the damage to 222 Gale Lane.

48.     Furthermore, the reservation of rights letter dated December 20, 2017 is incorrect, erroneous and unreasonable because it fails to cite the October 29, 2017 date of loss for the damage to 221 Gale Lane.

49.     Moreover, the reservation of rights letter dated December 20, 2017 is incorrect, erroneous and unreasonable because it cites one date of loss, namely November 7, 2017, for the Insured Properties when in fact there were two dates of loss, namely October 29, 2017 and November 7, 2017.

50.     Boothwyn Pharmacy communicated to Hanover and Citizens that there were two dates of loss, namely October 29, 2017 and November 7, 2017, for the Insured Properties, yet Hanover and Citizens did not include this information in its reservation of rights letter.

51.     Thereafter, Hanover and Citizens assigned insurance adjuster Thomas Laufer to investigate, inspect, and adjust the loss and damages to the Insured Properties from the October 29, 2017 and November 7, 2017 weather events.

52.     Hanover and Citizens' adjuster, Thomas Laufer, contacted Boothwyn Pharmacy to discuss the claim and inspect the Insured Properties.

53.     The individual from Boothwyn Pharmacy designated to assist with any inspections or other matters related to the insurance claims was Robert Parrett.

54.     Before the inspection of the Insured Properties occurred, Robert Parrett, communicated telephonically with Hanover and Citizens' adjuster, Thomas Laufer, on a single occasion and provided certain relevant information regarding the insurance claims.

55.     During that telephone communication, Hanover and Citizens' adjuster, Thomas Laufer, represented to Robert Parrett of Boothwyn Pharmacy that the insurance claims would need to be assigned to a "higher level person" or "large loss adjuster" because the claims were too extensive for him to handle.

56.     Despite this representation by Hanover and Citizens' adjuster, Thomas Laufer, the insurance claims were never assigned to any "higher level person" or "large loss adjuster."

57.     All communications and interactions between Boothwyn Pharmacy and Hanover and Citizens only involved Thomas Laufer, and Boothwyn Pharmacy never had any interaction, communication, or involvement with any other representative from Hanover or Citizens other than Thomas Laufer.

58.     Approximately one week after the initial and only telephone communication between Robert Parrett of Boothwyn Pharmacy and Thomas Laufer of Hanover and Citizens, Thomas Laufer arrived at 221 Gale Lane.

59.     Thomas Laufer of Hanover and Citizens only came to the Insured Properties on one occasion.

60.     At the time Thomas Laufer of Hanover and Citizens arrived at 221 Gale Lane to inspect, adjuster, and investigate the insurance claims, Robert Parrett was not on-site and not able to accompany Thomas Laufer through either 221 or 222 Gale Lane.

61.     As a result of Robert Parrett not being on-site and not being able to accompany Thomas Laufer through either 221 or 222 Gale Lane, Thomas Laufer did not have access to the

areas of damage and did not inspect the areas of damage caused by the October 29, 2017 and the November 7, 2017 weather events.

62.     In particular, Thomas Laufer of Hanover and Citizens did not inspect the roof of 221 Gale Lane, nor did Thomas Laufer request access to the roof of 221 Gale Lane.

63.     Thomas Laufer of Hanover and Citizens never inquired with the professional roofing contractor retained by Boothwyn Pharmacy regarding the cause of damage to 221 Gale Lane from October 29, 2017 and/or the November 7, 2017 weather events.

64.     Additionally, Thomas Laufer of Hanover and Citizens never retain an independent expert to access and inspect the roof or other areas of 221 Gale Lane.

65.     Likewise, Thomas Laufer of Hanover and Citizens never inspected or examined any part of 222 Gale Lane.

66.     In particular, Thomas Laufer of Hanover and Citizens, never inspected the interior or exterior of 222 Gale Lane, including the roof.

67.     Moreover, Thomas Laufer of Hanover and Citizens, never inquired with the professional roofing contractor as to the damage, cause of damage, or events surrounding the loss to 222 Gale Lane.

68.     Thomas Laufer of Hanover and Citizens never retained an independent expert to examine or inspect the roof or other areas to 222 Gale Lane.

69.     During his initial and only visit to the Insured Properties, Thomas Laufer of was only at the Insured Properties for approximately 15 minutes.

70.     Despite the damage to 221 and 222 Gale Lane being approximately $250,000 and $600,000 respectively, Thomas Laufer of Hanover and Citizens never returned to the Insured Properties.

Case ID: 180404704

71.    Furthermore, Thomas Laufer of Hanover and Citizens never retained any independent experts to return to the Insured Properties to inspect, examine, or adjust the losses from the October 29, 2017 and/or the November 7, 2017 weather events.

72.    Similarly, Hanover and Citizens never retained or assigned any other adjuster or independent contractor to return to the Insured Properties to inspect, examine, or adjust the losses from the October 29, 2017 and/or the November 7, 2017 weather events.

73.    No representative from Hanover or Citizens ever made any additional inquires to Boothwyn Pharmacy regarding the October 29, 2017 and/or the November 7, 2017 losses.

74.    The investigation, inspection, and adjustment by Hanover and Citizen was insufficient and unreasonable and, among other things, involved a single, short visit by an adjuster, who did not have full access to the Insured Properties, did not speak with any of the professional contractors that were working on the Insured Properties at the time of the losses, and failed to transfer the claim to a "higher level person" or "large loss adjuster" despite admitting that loss was too extensive for him to handle.

75.    Despite the insufficient and unreasonable investigation by Hanover and Citizens, by letter dated January 8, 2017 Hanover and Citizens denied Boothwyn Pharmacy's insurance claims for the damage resulting from the October 29, 2017 and the November 7, 2017 weather events.

76.    Pursuant to the terms of the insurance policy, the denial of Boothwyn Pharmacy's claims for insurance coverage was incorrect, unreasonable, and reckless, and in clear violation of the policy terms, conditions, and the applicable law.

Case ID: 180404704

77.     Moreover, Hanover and Citizens denied the claim without retaining a coverage opinion from counsel or determining from an expert whether the basis for its denial and the provisions contained within its denial letter dated January 8, 2018 were correct or applicable.

78.     To date, Hanover and Citizens have failed to make any payment to Boothwyn for the damages resulting from the October 29, 2017 and the November 7, 2017 weather events.

79.     When Hanover and Citizens denied the insurance claims of Boothwyn Pharmacy, Boothwyn Pharmacy was forced to fend for itself and expend substantial sums of money to: (1) protect the business and client relationships, which took years to acquire and maintain; and (2) pay and keep the individuals that make up Boothwyn Pharmacy and who depend on Boothwyn Pharmacy for their livelihood and the livelihood of their families.

80.     Boothwyn Pharmacy, being a pharmacy, was in a unique and particularly vulnerable and precarious situation because it is required to keep certain standards by law regarding cleanliness, air quality, including particle counts and the absence of mold and fungi, among other things.

81.     As a result of Hanover and Citizens' denial of its claim, Boothwyn Pharmacy had to expend substantial monies to ensure that certain standards were met according to law, or risk a total and complete shutdown of its business.

82.     Hanover and Citizens knew when they insured Boothwyn Pharmacy that it was, in fact, a pharmacy and required to meet certain legal standards regarding cleanliness, air quality, including particle counts and the absence of mold and fungi, among other standards.

83.     Hanover and Citizens did not care about the precarious situation in which it placed Boothwyn Pharmacy when it denied its insurance claims.

84.     Hanover and Citizens showed a total and complete disregard for Boothwyn Pharmacy as its insured, as well as its business relationships, and the individuals that make up Boothwyn Pharmacy and depend upon it for their livelihood and the livelihood of their families.

85.     At all times material hereto, Boothwyn Pharmacy complied with all terms and conditions of the insurance policy, including but not limited to protecting the Insured Properties from further loss, mitigating their damages, documenting all damage, and making the Insured Properties available for inspection.

<div align="center">

### COUNT I
**Breach of Contract**

</div>

86.     Plaintiffs incorporate by reference all previous paragraphs as though fully set forth hereinafter at length.

87.     The insurance claims submitted by Boothwyn Pharmacy to Hanover and Citizens as a result of the events that occurred on October 29, 2017 and November 7, 2017 are covered claims under the applicable insurance policy.

88.     As a result, Hanover and Citizens are obligated by the terms of the insurance policy to indemnify Boothwyn Pharmacy for its losses.

89.     Despite submission of the insurance claims to Hanover and Citizens, Hanover and Citizens have not made any payment to Boothwyn Pharmacy for its losses, which are covered under the insurance policy.

90.     Boothwyn Pharmacy has requested indemnity from Hanover and Citizens as a result of its losses, which occurred on October 29, 2017 and November 7, 2017.

91.     However, Hanover and Citizens have refused to indemnify Boothwyn Pharmacy for its losses as a result of the insurance claims occurring on October 29, 2017 and November 7, 2017.

92.     Hanover and Citizens' refusal to indemnify Boothwyn Pharmacy for the damages caused by the insurance claims constitutes breach of the insurance contract.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount in excess of $50,000.00, together with interest, court costs, consequential damages and such other relief as the Court deems equitable and just.

## COUNT II
### Bad Faith Pursuant to 42 Pa.C.S.A. § 8371

93.     Plaintiffs incorporate by reference all previous paragraphs as though fully set forth hereinafter at length.

94.     Hanover and Citizens has engaged in bad faith conduct toward Boothwyn Pharmacy with respect to its investigation, inspection, and adjustment of the covered insurance claims stemming from the October 29, 2017 and the November 7, 2017 weather events.

95.     Hanover and Citizens' conduct is in violation of 42 Pa.C.S.A. § 8371, Pennsylvania's Bad Faith Statute.

96.     Hanover and Citizens' bad faith conduct, acting by and through its duly authorized agents, servants, workmen, and employees, includes but is not limited to:

a.     sending a false, incorrect, erroneous, reservation of rights letter, which fails to identify all dates of loss, attempts to combine damages and dates of loss, incorrectly states damage to Insured Properties that was not to the date of loss cited, among other things;

b.     failing to perform an adequate investigation of 221 Gale Lane;

c.     failing to perform an adequate investigation of 222 Gale Lane;

d.     failing to inspect the areas of damage to 221 Gale Lane, including but not limited to the interior of the property, the exterior of the property, and/or the roof of the property;

e.      failing to inspect the areas of damage to 222 Gale Lane, including but not limited to the interior of the property, the exterior of the property, and/or the roof of the property;

f.      failing to inquire with Boothwyn Pharmacy or its representatives as to which damage resulted from the October 29, 2017 event and which damage resulted from the November 7, 2017 event;

g.      failing to reinspect the Insured Properties when its adjuster did not have access to 221 and/or 222 Gale Lane;

h.      failing to complete a thorough investigation of the insurance claims before representing that the claims were not covered under the insurance policy;

i.      failing to pay a claim covered under the insurance policy;

j.      failing to determine the extent and amount of damages or prepare an estimate of damages;

k.      failing to conduct a fair, adequate, and reasonable investigation of the insurance claims, including but not limited to referring the claims to the appropriate adjuster or supervisor; retaining a coverage opinion from counsel, or retaining an expert to inspect and assess for damage and coverage;

l.      failing to pay a fair and reasonable amount for the insurance claims;

m.      asserting policy provisions without a reasonable basis in fact;

n.      misrepresenting facts and policy provisions to deny the insurance claim, when the insurance claims are covered under the terms of the insurance policy;

o.      failing to negotiate the amount of the loss with the insureds or its representatives and unreasonably withholding policy benefits due and owed;

Case ID: 180404704

    p.  failing to provide a reasonable factual explanation or basis for the denial of the claim;

    q.  applying policy provision without consulting the applicable law or authority to determine whether those policy provisions are reasonable and correct;

    r.  unreasonably abandoning Boothwyn Pharmacy with an insurance claim in the approximate amount of $600,000 and $250,000, respectively;

    s.  unreasonably compelling Boothwyn Pharmacy to institute a lawsuit to obtain policy benefits for a covered loss that they should have paid promptly and without the necessity of litigation.

   97.  For the reasons set forth above, Hanover and Citizens actions involving the insurance claims were unreasonable and reckless.

   98.  As a result, Hanover and Citizens has acted in bad faith in violation of 42 Pa.C.S.A. § 8371 and is liable for the statutory damages including, interest, court costs, attorneys' fees, and punitive damages.

   WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $50,000.00, together with interest, court costs, counsel fees, and punitive damages.

        Respectfully submitted,

        **LABLETTA & WALTERS LLC**

         /s/ *Christian P. LaBletta*
        **CHRISTIAN P. LABLETTA, ESQ.**
        Attorney for Plaintiffs

## V E R I F I C A T I O N

I, Louis M. Micolucci, as authorized representative of Boothwyn Pharmacy, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities.


_____
Louis M. Micolucci

ristian P. LaBletta, Esq.
Bletta & Walters LLC
) Barr Harbor Drive, Suite ...
nshohocken, PA 19428



CERTIFIED MAIL



7018 0680 0002 3285 2734





1000

48843

U.S. POSTAGE
PAID
JACKSON, NJ
08527
MAY 04
AMOUNT
**$7.83**
R2307N153224-0:

MAY 07 2018

Citizens Insurance Company
808 North Highlander Way
Howell, MI 48843

RETURN RECEIPT
REQUESTED





Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 180404704 |
| **Case Caption:** | BOOTHWYN PHARMACY, LLC ETAL VS THE HANOVER INSURAN |
| **Filing Date:** | Monday , April 30th, 2018 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CONTRACTS OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | LABLETTA, CHRISTIAN P |
| **Address:** LABLETTA & WALTERS LLC 200 BARR HARBOR DRIVE | | **Aliases:** | *none* | |

DEFENDANT'S
EXHIBIT
B
PENGAD 800-631-6989

|   |   |   |   |   |
|---|---|---|---|---|
|   | SUITE 400 CONSHOHOCKEN PA 19428 (610)828-3339 |   |   |   |
|   |   |   |   |   |
| 2 | 1 |   | PLAINTIFF | BOOTHWYN PHARMACY LLC |
| **Address:** | 221 AND 222 GALE LN KENNETT SQUARE PA 19348 | **Aliases:** | *none* |   |
|   |   |   |   |   |
| 3 | 1 |   | PLAINTIFF | BPI HOLDING GROUP LLC |
| **Address:** | 221 AND 222 GALE LN KENNETT SQUARE PA 19348 | **Aliases:** | *none* |   |
|   |   |   |   |   |
| 4 | 1 |   | PLAINTIFF | L&B BUSINESS HOLDINGS INC |
| **Address:** | 221 AND 222 GALE LN KENNETT SQUARE PA 19348 | **Aliases:** | *none* |   |
|   |   |   |   |   |
| 5 |   |   | DEFENDANT | HANOVER INSURANCE GROUP |
| **Address:** | 440 LINCOLN ST WORCESTER MA 01653 | **Aliases:** | *none* |   |
|   |   |   |   |   |

| 6 | | | DEFENDANT | CITIZENS INSURANCE COMPANY |
|---|---|---|---|---|
| **Address:** | 808 N HIGHLANDER WAY HOWELL MI 48843 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 30-APR-2018 04:33 PM | ACTIVE CASE | | | 01-MAY-2018 10:08 AM |
| **Docket Entry:** | E-Filing Number: 1804071057 | | | |
| | | | | |
| 30-APR-2018 04:33 PM | COMMENCEMENT CIVIL ACTION JURY | LABLETTA, CHRISTIAN P | | 01-MAY-2018 10:08 AM |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 30-APR-2018 04:33 PM | | | | 01-MAY-2018 10:08 AM |

| | COMPLAINT FILED NOTICE GIVEN | LABLETTA, CHRISTIAN P | | |
|---|---|---|---|---|
| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>Complaint w Verification.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 30-APR-2018 04:33 PM | JURY TRIAL PERFECTED | LABLETTA, CHRISTIAN P | | 01-MAY-2018 10:08 AM |
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |
| | | | | |
| 30-APR-2018 04:33 PM | WAITING TO LIST CASE MGMT CONF | LABLETTA, CHRISTIAN P | | 01-MAY-2018 10:08 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 11-MAY-2018 10:37 AM | AFFIDAVIT OF SERVICE FILED | LABLETTA, CHRISTIAN P | | 11-MAY-2018 10:39 AM |
| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>Affidavit of Service w Exhibit - Citizens.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CITIZENS INSURANCE COMPANY BY CERTIFIED MAIL ON 05/07/2018 FILED. (FILED ON BEHALF OF L&B BUSINESS HOLDINGS INC, BPI HOLDING GROUP LLC AND BOOTHWYN PHARMACY LLC) | | | |
| | | | | |
| | | | | |

| 11-MAY-2018 02:15 PM | AFFIDAVIT OF SERVICE FILED | LABLETTA, CHRISTIAN P | | 11-MAY-2018 02:15 PM |
|---|---|---|---|---|
| **Documents:** | ♣ Click link(s) to preview/purchase the documents<br>Affidavit of Service w Exhibit - Hanover.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON HANOVER INSURANCE GROUP BY CERTIFIED MAIL ON 05/07/2018 FILED. (FILED ON BEHALF OF L&B BUSINESS HOLDINGS INC, BPI HOLDING GROUP LLC AND BOOTHWYN PHARMACY LLC) | | | |

▶ Case Description     ▶ Related Cases     ▶ Event Schedule     ▶ Case Parties     ▶ Docket Entries

Search Home

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within *NOTICE OF REMOVAL* was electronically filed, is available for viewing and downloading from the ECF system, and has been served on all counsel of record listed below by placing same in the U.S. mail, first class, postage prepaid, this 5th day of June 2018:

Christian P. Labletta, Esq.
LABLETTA & WALTERS LLC
200 Barr Harbor Drive, Suite 400
Conshohocken, PA  19428

FILED

JUN 0 6 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

HOUSTON HARBAUGH, P.C.

By:_____

Henry M. Sneath, Esquire